BYE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority this case should be remanded to the district court for further consideration on the issue of whether Skoda can satisfy the amount in controversy requirement. However, because I am not convinced that Skoda’s interpretation of sections 181.03 and 181.13 of the Minnesota Statutes was foreclosed to a legal certainty at the time Lilly removed the case to federal court, see Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir.2011) (stating diversity jurisdiction is determined at the time the action is commenced or at the time of removal), particularly in light of Bryant v. Rochester Home Mortgage Co., No. 27-CV-06-17689, 2007 WL 5022558, at *1 (Minn.D.Ct. Oct. 16, 2007) (unpublished) (doubling both the damage amount awarded by the jury and the statutory penalty pursuant to sections 181.03 and 181.13 of the Minnesota Statutes), I would prefer to address the issue of reasonable attorney’s fees.
Assuming for the sake of argument we can consider an award of future attorney’s fees in order to determine the amount in controversy, I question whether the district court’s estimate of over $23,000 in such fees is tenable. In reaching its conclusion, the district court relied on Delsing v. Starbucks Coffee Corp., No. 08-CV-1154, 2010 WL 1507642 (D.Minn. Apr. 14, 2010). However, Delsing “involve[d] novel and difficult questions of state law,” and the court reasoned that if the plaintiff prevailed, assessing her damages would “likely ... require an expert witness to do complex calculations.” 2010 WL 1507642, at *3. In comparison, Skoda’s counsel indicated at the time of the motion hearing that his legal fees had totaled the sum of $500 thus far, and in all his years of law practice, he had charged only $12,500 once for a murder case. Further, counsel stated he believed the instant case was a simple one. Moreover, Skoda has represented himself pro se in this appeal.
Because of these facts, I would prefer to avoid interpreting state statutes not yet formally addressed by a Minnesota court, and instead remand the case to the district court for it to re-consider the question of reasonable attorney’s fees.